HEARD NOVEMBER TERM, 1874.

## BILLINGS *vs.* WILLIAMSON.

A former Commissioner in Equity, to whom a bond and mortgage had been given for the benefit of others, payable to him or his successors in office, may maintain an action thereon in his own name under the Code, although, as directed by the Act of 1868, they had been turned over to the Clerk of the Court of Common Pleas.

BEFORE MACKEY, J., AT LANCASTER, JULY TERM, 1874.

This was an action by K. G. Billings, late Commissioner in Equity for Lancaster County, against J. S. Williamson, for foreclosure of mortgage of real estate, given to secure the payment of a bond payable to the plaintiff as Commissioner in Equity, his successors in office, attorney, executors, administrators or assigns. They were taken for the benefit of the heirs or devisees of Sarah Massey, deceased, under a decree of the Court of Equity for partition, and bore date the 7th January, 1867. The consideration was the purchase money of the mortgaged property which had been sold

by the plaintiff as Commissioner and purchased by the defendant.
The action was commenced in May, 1872, and before it was com-
menced the Court of Equity and the office of Commissioner in
Equity had ceased to exist, and the bond and mortgage had been
turned over, under the provisions of the Act of 1868, to Thomas H.
Clyburn, Clerk of the Court of Common Pleas.

The defendant, by his answer, set up two defenses to the action:
1. That the plaintiff could not maintain the action, inasmuch as his
office had ceased to exist before the action was commenced, and he
had turned over the bond and mortgage to the Clerk of the Court
of Common Pleas, who was his successor in office. 2. That the de-
fendant held an assignment of three out of five shares of the
amount due on the bond, which entitled him to a credit thereon of
three-fifths of such amount, and he had always been anxious to pay
the other two-fifths, but never could find any one who was entitled
to receive the same.

His Honor overruled the defenses, and referred it to the Clerk of
the Court, as Referee, to compute the amount due on the bond, and
also to inquire and report the names of the parties beneficially en-
titled to the fund. The Clerk submitted his report, wherein he
stated the amount due, and also the names of five devisees of Sarah
Massey, deceased, as the parties beneficially entitled to the fund;
and thereupon His Honor made a decree for foreclosure in the usual
form, and ordered that two of the parties named by the Clerk, in
his report, be paid their shares of the sale, and that the other three
shares be held subject to the further order of the Court.

The defendant appealed on the ground that the plaintiff could
not maintain the action in his own name.

*Allison*, for appellant, contended that the plaintiff could not
maintain the action in his own name under the Code of Procedure.

The action should have been in the name of Thomas H. Clyburn,
Clerk of the Court of Common Pleas, as successor in office of the
plaintiff. On the 1st January, 1869, the bond and mortgage had
been turned over to him, under Section 19 of the Act of 1868, enti-
tled "An Act to organize the Circuit Courts," which provided that
all the books, records and property of the Courts of Chancery
should, on that day, be transferred to the Courts of Common Pleas,
and that the Clerks of the Circuit Courts shall receive the same
and give receipts for the same. He referred to the Constitution of

1868, Article IV, Sections 16, 17, and *Cunningham* vs. *McGregor*, 12 How., 305; 5 Duer, 648; *Commissioners* vs. *Glass*, Voorhe's Code, 9 ed., 189, N. E.

*Moore*, contra, contended that the case came within Section 136 of the Code of Procedure. The contract was made with the plaintiff for the benefit of others. He is, therefore, the trustee of an express trust, and may maintain the action in his own name, as that Section expressly provides.

April 6, 1875. The opinion of the Court was delivered by

WRIGHT, A. J. We do not see the benefit which the appellant is to derive by resisting the judgment rendered by the Circuit Court in this case, unless it may be through the matter of costs.

He does not deny his liability on the bond; so far from it, he avers that he holds an assignment of three out of five shares of it, implying that he is bound to pay the remaining two shares still due.

The orders made by the Court below are so carefully worded that they must protect him from any suit which may be brought by any party having a supposed interest in the bond, for the names of all who can possibly be interested in it have been ascertained by the Referee, and his report stands confirmed. Still further, the record in the case in which the bond was taken is set out in the complaint, not denied in the answer, and the proof on which the report of the Referee is found was itself a matter of record.

The appellant made no exception to the report, thus admitting that the parties in interest were those so found by the Referee. His delay in the payment of the bond, he avers, has arisen from his inability to ascertain who was entitled to receive the money due on it.

This obstacle, at least, has been removed by the proceeding. The Act of 1868 did require a transfer of the bond to the Clerk of the Court; and Clyburn, the Clerk, could have maintained an action upon it in his name as the successor of the respondent. It is said in the argument on behalf of the appellant that this bond had been so transferred. If so, Billings, to whom it was made payable, must have afterwards received it from Clyburn, who is not only Clerk of the Court, but acted as Referee in the case. It must, therefore, be assumed that he authorized Billings to bring the complaint in his own name as late Commissioner for the benefit of

those really interested. In the case of an ordinary bond assigned, the assignee may sue in the name of the assignor.

Under Section 136 of the Code, a trustee of an express trust may sue alone; and, "within its meaning, a person with whom, or in whose name, a contract is made for the benefit of another is construed to be a trustee of an express trust."

It is possible that a strict compliance with mere technical form would have been better fulfilled if the complaint had been brought in the name of the Clerk. The relief sought was to be administered through the equitable jurisdiction of the Court, and we do not see in its grant of it such error as would justify an interference.

The motion is dismissed.

The costs of the respondent in the Circuit Court have been provided for by its order. Each party will pay his own costs since accruing.

*Moses,* C. J., and *Willard,* A. J., concurred.